IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEPHANIE WINSETT,

    Plaintiff,

vs.

SAVEOLOGY.COM, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, STEPHANIE WINSETT, sues Defendant, SAVEOLOGY.COM, LLC, and shows:

### Introduction

    1.    This is an action by STEPHANIE WINSETT against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

    3.    The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

    4.    Plaintiff, STEPHANIE WINSETT, (hereinafter "WINSETT") a resident of Broward County, was at all times material, employed by SAVEOLOGY.COM, LLC as an auditor, was an employee as defined by 29 U.S.C. § 203 (e), and during her employment with

Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

5. Defendant, SAVEOLOGY.COM, LLC (hereinafter, "SAVEOLOGY"), is a Florida Limited Liability Company doing business in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where WINSETT was employed. At all times pertinent to this Complaint, SAVEOLOGY operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and SAVEOLOGY obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. Since January 2012 up to and including April 16, 2013, Defendant SAVEOLOGY has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically WINSETT, since January 2012, has worked in excess of 40 hours a week virtually every week of her employment, and was not compensated for the work in

excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed in that she performed compensable work at home and off the clock at the request of her employer, but was not compensated for the same.

7. The failure to pay overtime compensation to WINSETT is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

8. SAVEOLOGY's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and WINSETT's status as non-exempt, but chose not to pay her in accordance with the Act.

9. WINSETT is entitled pursuant to 29 U.S.C. § 216(b), to recover from SAVEOLOGY-SOUTH FLORIDA:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, STEPHANIE WINSETT, prays that this court will grant judgment against Defendant SAVEOLOGY:

    a. awarding WINSETT payment of overtime compensation found by the court to be due to her under the Act;

    b. awarding WINSETT an additional equal amount as liquidated damages;

    c. awarding WINSETT her costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 17, 2014
Plantation, Florida

                                        Respectfully submitted,

                                        s/Robert S. Norell
                                        Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                        E-Mail: rob@floridawagelaw.com
                                        ROBERT S. NORELL, P.A.
                                        300 N.W. 70th Avenue
                                        Suite 305
                                        Plantation, Florida 33317
                                        Telephone: (954) 617-6017
                                        Facsimile: (954) 617-6018
                                        Counsel for STEPHANIE WINSETT